IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RG STEEL WHEELING, LLC d/b/a
WHEELING CORRUGATING COMPANY,
a Delaware limited liability
company,

    Plaintiff,

v.                                       Civil Action No. 5:11CV74
                                                (STAMP)

TRI-COUNTY METAL SALES, LLC,
DARRELL MEADOR, DONNA MEADOR
and KARL VOSS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE MOTION
FOR ORDER COMPELLING ARBITRATION,
GRANTING PLAINTIFF'S MOTION TO STRIKE AND
DENYING DEFENDANTS' REQUEST TO STAY PROCEEDINGS**

I.  Background

On May 16, 2011, the plaintiff in the above-styled civil action filed a complaint in this Court seeking to collect an overdue balance from the defendants. The complaint states that defendants Darrell Meador ("Meador") and his wife, Donna Meador, entered into a personal guaranty agreement with Wheeling Pittsburgh Steel Corporation[1] ("RG Steel") to personally guaranty the obligations of Tri-County Metal Sales, LLC ("Tri-County"),

---

[1] As set forth in the complaint, Wheeling Pittsburgh Steel Corporation and Wheeling Corrugating Company were acquired by Severstal North America in August 2008, at which point the name changed to Severstal Wheeling, Inc. Later, Severstal Wheeling, Inc. was converted to Severstal Wheeling, LLC. Subsequently, RG Steel, LLC acquired Severstal Wheeling, LLC and Wheeling Corrugating Company as part of a larger acquisition of various Severstal North American entities. The name Severstal Wheeling, LLC was then changed to RG Steel Wheeling, LLC.

including payment of all obligations owed to the plaintiff. Karl Voss, an employee and part-owner of Tri-County, also entered into a personal guaranty agreement with RG Steel. On September 5, 2007, Tri-County entered into a subsequent supply agreement with RG Steel. Pursuant to this agreement, RG Steel agreed to sell and Tri-County agreed to purchase Tri-County's total requirements of products in order to establish a Wheeling Metal Center. Tri-County, after receiving several hundreds of thousands of dollars worth of metal products from RG Steel, allegedly failed to pay for a substantial portion of the products. The plaintiff asserts that the unpaid balance is currently $181,536.91 plus interest.

On June 13, 2011, defendant Meador filed a pro se[2] motion for an order compelling arbitration. In support of this motion, the defendant points to the supply agreement, which contains a provision stating that in the event of any dispute, the parties agree to arbitrate the matter.

On June 24, 2011, the plaintiff filed a response in opposition to the motion to compel arbitration, as well as a motion to strike. In its response in opposition, the plaintiff argues that it is not required to arbitrate because RG Steel's standard terms and conditions, which are incorporated into the supply agreement, state that exclusive jurisdiction will be in the federal or state courts of West Virginia. Further, the plaintiff contends that the

---

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

personal guaranty agreements do not contain arbitration provisions. In support of its motion to strike, the plaintiff argues that because the defendant did not file a memorandum of law in support of his motion to compel arbitration, the motion violates Local Rule of Civil Procedure 7.02 and must be denied or stricken.

Defendant Meador did not file a reply in support of his motion for an order compelling arbitration, nor did he file a response to the motion to strike. However, on July 13, 2011, Meador, on behalf of all defendants, filed a document titled "points and authorities in support of defendants' motion for order compelling arbitration." In this document, the defendants argue that the Federal Arbitration Act ("FAA") requires the parties to submit this case to arbitration. The defendants also reiterate their argument that the arbitration clause in the supply agreement binds the plaintiff because all of the plaintiff's claims arise out of the supply agreement. Finally, the defendants request that this Court stay these proceedings pending resolution of the arbitration.

On July 18, 2011, the plaintiff filed a brief in response to the defendants' "points and authorities." In its response, the plaintiff argues: (1) the agreement between the parties requires that this dispute be pursued exclusively in the courts of West Virginia; and (2) the motion to compel arbitration should be denied as to the individual defendants because their individual liability arises from the personal guaranty agreements which do not contain arbitration provisions.

The defendants then filed a "lodgement of meet and confer letter of June 8, 2011." In this letter from Meador to Stephen Hastings, Meador demands that Hastings' clients submit this matter to arbitration pursuant to section 3.3 of the supply agreement. On August 16, 2011, this Court issued an order directing defendant Tri-County to obtain counsel. Currently, all four defendants remain pro se.

## II. Applicable Law

The FAA applies to "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . ." 9 U.S.C. § 2. The FAA "embodies a federal policy favoring arbitration. Thus, 'as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" Drews Distrib., Inc. v. Silicon Gaming, Inc., 245 F.3d 347, 349 (4th Cir. 2001)(quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)). On the other hand, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of Am. v. Warrior & Golf Navigation Co., 363 U.S. 574, 582 (1960). "The question of whether a dispute is subject to arbitration is an issue for judicial determination." Revels v. Miss Am. Org., 599 S.E.2d 54, 59 (N.C. 2004). "This determination involves a two-step analysis requiring the trial court to ascertain

both (1) whether the parties had a valid agreement to arbitrate, and also (2) whether the specific dispute falls within the substantive scope of that agreement." Id.

There does exist a "heavy presumption of arbitrability" and when there is a question as to the scope of an arbitration clause, "a court must decide the question in favor of arbitration." Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 812 (4th Cir. 1989). "A court should not deny a request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Drews, 245 F.3d at 349-50 (quoting Warrior & Gulf Navigation Co., 363 U.S. at 582-83).

### III. Discussion

In this case, Meador bases his motion for an order compelling mediation upon section 3.3 of the supply agreement, which states:

> Governing Law: Disputes. This agreement shall be governed by and construed I [sic] accordance with the laws of the State of Missouri, without reference to any conflicts of law principles thereof. Any disputes, controversies or claims between the Parties arising pursuant to or in connection with this Agreement will be Arbitrable Matter under then current rules of the American Arbitration Association in the presence of a single arbitrator.

Def.'s Mot. for Order Compelling Arbitration Ex. A. Notably, the parties to the supply agreement are RG Steel, the supplier, and Tri-County, the customer. Defendants Meador and Karl Voss signed the supply agreement on behalf of Tri-County.

In its brief in opposition to Meador's motion for an order compelling arbitration and in support of its motion to strike, the plaintiff first argues that the defendants violated Local Rule of Civil Procedure 7.02 by failing to file a supporting memorandum of law along with the motion for an order compelling arbitration. Local Rule of Civil Procedure 7.02 states, in pertinent part: "All motions . . . except for nondispositive motions other than a motion for sanctions, shall be accompanied by a supporting memorandum . . . . A dispositive motion or a motion for sanctions unsupported by a memorandum will be denied without prejudice." LR Civ P 7.02(a). This Court agrees that Meador's motion for an order compelling arbitration is a nondispositive motion that must be denied without prejudice as it was not accompanied by a supporting memorandum. The defendants' "points and authorities" in support of their motion for an order compelling arbitration, filed one month after the motion for an order compelling arbitration, could be construed as a supporting memorandum. However, even if this Court were to construe it as such, this filing is untimely.[3]

Even if Meador had filed a timely memorandum in support of his motion for an order compelling arbitration, this Court finds that he cannot invoke the arbitration provision in the supply agreement because he is not a party to the supply agreement. As stated

---

[3]Further, the "points and authorities" was filed by Meador on behalf of all defendants, whereas the motion for an order compelling arbitration was filed by Meador only on behalf of himself.

above, only RG Steel and Tri-County are parties to the supply agreement. Meador's individual liability arises from the personal guaranty agreement which he signed on August 10, 2007, and which contains no arbitration provision. As the guarantor, Meador guaranteed prompt payment to RG Steel in the case of default of the purchaser. Pl.'s Brief in Opp'n to Mot. for Order Compelling Arbitration Ex. 1. However, "[a] guaranty is a special contract, and the guarantor is not in any sense a party to the [supply agreement]." Coleman v. Fuller, 11 S.E. 175, 176 (N.C. 1890). Even though there is an agreement between RG Steel and Tri-County to arbitrate with each other, RG Steel never agreed to arbitration with the guarantor, Meador. See Hartford Accident & Indem. Co. v. Scarlett Harbor Assocs. Ltd. P'ship, 695 A.2d 153, 157 (Md. 1997) (holding that to force a developer to arbitrate with a surety when it has never agreed to do so would be an improper enlargement of the obligations of the developer).

Further, this Court finds that the mere fact that Meador may have signed the supply agreement as a corporate agent does not affect any promise, or lack thereof, to arbitrate in an individual capacity. Id. at 155 (stating that an individual who signs a contract containing an arbitration provision as an agent for a fully disclosed corporate principal does not promise to arbitrate in his individual capacity). Judging from the pleadings, Meador does not appear to be an attorney, and there is no indication that he is admitted to practice in this Court, either by the Court or

7

pro hac vice.[4]  Thus, Meador cannot claim to have filed the motion for an order compelling arbitration on behalf of Tri-County.[5]

Because the obligation of a guarantor is separate and independent of the obligation of the principal debtor, this Court finds that Meador, individually, cannot compel arbitration based on the arbitration clause in the supply agreement between RG Steel and Tri-County.  See D.P. Solutions, Inc. v. Xplore-Tech Services Private Ltd., 710 S.E.2d 297, 301 (N.C. 2011) (holding that the court did not err by concluding that principal debtors could not compel arbitration of their personal guarantees).

Finally, the plaintiff argues that the arbitration provision in the supply agreement is not applicable to the claims raised in the complaint regarding the sale of products.  According to the plaintiff, those claims are governed exclusively by Wheeling Corrugating Company's terms and conditions, which provide for exclusive jurisdiction in West Virginia federal or state court.  Pl.'s Brief in Opp'n to Mot. for Order Compelling Arbitration Ex. 3.  Whether or not these terms and conditions are incorporated into

---

[4] "Pro hac vice" refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case. Black's Law Dictionary 1331 (9th ed. 2009).

[5] This Court notes that on August 16, 2011, it entered an order directing defendant Tri-County to obtain counsel, citing the rule that a corporation must be represented by an attorney in federal court.  Tri-County has yet to obtain counsel.  If Meador is, in fact, an attorney, he is instructed to file a notice of appearance.

the supply agreement is an issue that need not be resolved until a proper motion has been filed by a party to the supply agreement.

IV. <u>Conclusion</u>

For the reasons stated above, Meador's motion for an order compelling arbitration is DENIED WITHOUT PREJUDICE. The plaintiff's motion to strike Meador's motion for an order compelling arbitration for failure to conform to Local Rule of Civil Procedure 7.02 is GRANTED. Finally, the defendants' request to stay the proceedings is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein and to the <u>pro se</u> defendants by certified mail.

DATED: October 4, 2011

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE